Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SHREVES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>        v.<br><br>XUNLEI LIMITED, SEAN SHENGLONG ZOU, TAO THOMAS WU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., AND OPPENHEIMER & CO. INC.,<br><br>        Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Christopher Shreves, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, alleges in this Complaint the following upon knowledge with respect to his own acts, and upon facts obtained through an investigation conducted by his counsel, which included, inter alia: (a) review and analysis of relevant filings made by Xunlei Limited ("Xunlei" or the

"Company") with the United States Securities and Exchange Commission (the "SEC"); (b) review and analysis of Defendants' public documents and press releases; and (c) information readily obtainable on the Internet.

Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery. Most of the facts supporting the allegations contained herein are known only to Defendants or are exclusively within their control.

### NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased Xunlei American Depository Shares ("ADSs") (1) pursuant and/or traceable to the Company's registration statement and prospectus (defined below) issued in connection with the Company's initial public offering on or about June 24, 2014 (the "IPO" or the "Offering"); and/or (2) on the open market between June 24, 2014 and May 20, 2015, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act") and under the Securities Exchange Act of 1934 (the "Exchange Act") (the "Class").

2.     Xunlei operates an internet platform for digital media content in the People's Republic of China ("PRC"). Xunlei's cloud computing provides users with access to digital media content. The Company has been focusing its business towards mobile platforms transferring away from PC based platforms.

3.     On March 31, 2015, Xunlei announced the strategic divestment of Xunlei Kankan ("Kankan") — an online video streaming business, which previously served as a value-added service to meet a fuller spectrum of its users' digital media content access and consumption needs.

### JURISDICTION AND VENUE

4.     The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l, and 77o), and Sections

Class Action Complaint for Violation of the Federal Securities Laws

1  10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5
2  promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3      5.      This Court has jurisdiction over the subject matter of this action pursuant
4  to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section
5  27 of the Exchange Act (15 U.S.C. §78aa).

6      6.      Venue is proper in this Judicial District pursuant to Section 27 of the
7  Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as the alleged misleading
8  public filings and press releases entered this district.

9      7.      In connection with the acts, conduct and other wrongs alleged herein,
10 Defendants either directly or indirectly used the means and instrumentalities of
11 interstate commerce, including but not limited to the United States mails, interstate
12 telephone communications and the facilities of the national securities exchange.

13                                          **PARTIES**

14     8.      Plaintiff Christopher Shreves purchased Xunlei ADSs during the Class
15 Period and has suffered damages as set forth in the accompanying certification.

16     9.      Xunlei is a Cayman Islands corporation headquartered in Shenzhen,
17 PRC. During the Class Period, the Company's stock was traded on the NASDAQ
18 Global Select Market ("NASDAQ") under the symbol "XNET."

19     10.     Defendant Sean Shenglong Zou ("Zou") served as the Company's Chief
20 Executive Officer ("CEO") and Chairman during the Class Period.

21     11.     Defendant Tao Thomas Wu ("Wu") served as the Company's Chief
22 Financial Officer ("CFO") during the Class Period.

23     12.     Defendants Zou and Wu are collectively referred to hereinafter as the
24 "Individual Defendants."

25     13.     Defendant J.P. Morgan Securities LLC ("J.P. Morgan") was an
26 underwriter for Xunlei's June 2014 IPO. J.P. Morgan was allotted 3,683,103 ADSs of
27 Xunlei for the IPO.

28

Class Action Complaint for Violation of the Federal Securities Laws

14.     Defendant Citigroup Global Markets Inc. ("Citigroup") was an underwriter for Xunlei's June 2014 IPO. Citigroup was allotted 3,266,147 ADSs of Xunlei for the IPO.

15.     Defendant Oppenheimer & Co. Inc. ("Oppenheimer") was an underwriter for Xunlei's June 2014 IPO. Oppenheimer was allotted 365,750 ADSs of Xunlei for the IPO.

16.     Defendants J.P. Morgan, Citigroup, and Oppenheimer are collectively referred to hereinafter as "Underwriter Defendants."

17.     Defendants Xunlei, Zou, Wu, J.P. Morgan, Citigroup, and Oppenheimer are collectively referred to hereinafter as "Defendants."

18.     Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and

(f)     approved or ratified these statements in violation of the federal securities laws.

19.     As officers, directors, and controlling persons of a publicly-held company whose ADSs are and were registered with the SEC pursuant to the Exchange Act, and was traded on NASDAQ and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's business

Class Action Complaint for Violation of the Federal Securities Laws

prospects and operations, and to correct any previously-issued statements that had become materially misleading or untrue to allow the market price of the Company's publicly-traded stock to reflect truthful and accurate information.

20.     Xunlei is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

21.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Xunlei under respondeat superior and agency principles.

## SUBSTANTIVE ALLEGATIONS
### Background

22.     On May 23, 2014, Xunlei filed a registration statement on Form F-1 with the SEC in connection with the IPO.  The registration statement was amended for the final time when the Company filed an amended Form F-1/A with the SEC on June 20, 2014 (collectively, the "Registration Statement").

23.     The Registration Statement contained a preliminary prospectus. The Final prospectus (the "Prospectus") was filed with the SEC on June 24, 2014.

24.     On June 23, 2014, the SEC declared the Registration Statement effective.

25.     On June 24, 2014, the Company completed its IPO, in which the Company sold 7,315,000 ADS at $12 per ADS. The Offering raised almost $88 million in proceeds for the Company.

26.     Project Crystal is Xunlei's innovation in crowd sourcing idle bandwidth and storage from users. It is an ongoing project that was first mentioned by the Company in August 2014.

Class Action Complaint for Violation of the Federal Securities Laws

**Defendants' Materially False and Misleading Statements During the Class Period**

27.      The Class Period begins on June 24, 2014. On or about this day, Xunlei filed the Prospectus with the SEC, which forms part of the Registration Statement. Under applicable SEC rules and regulations, the disclosure of known trends, events or uncertainties that had, and/or was reasonably likely to have, an impact on the Company's continuing operations in the Registration Statement is required.

28.      On August 21, 2014, the Company held a conference call to discuss the second quarter of 2014 earnings. During the conference call, Defendant Zou stated in relevant part:

> Project Crystal is a technology innovation allowing us to transfer bandwidth and storage from users. This will be an entirely unique service in China which would provide a significant reduction in bandwidth and assorted costs with Xunlei and our Crystal paying customers. ***Project Crystal went on beta test in April.*** We have already made strong progress and during our beta test period we are able to process about 9/10ths of bandwidth in August compared to that same multiple in May. We are very optimistic that our bandwidth [inaudible] technologies are stable and scalable. We are confident Project Crystal will reduce bandwidth costs on our VIP member services and convert VIP member sales once the service is fully integrated. And we expect Xiaomi to be one of the first paying customers ever expected to use Project Crystal to reduce their bandwidth usage for MIUU system upgrades.

(emphasis added).

29.      On the same conference call, Defendant Wu stated in relevant part:

> No, Crystal has not contributed to reduction of bandwidth cost of this quarter yet but you know you are absolutely correct to point out that bandwidth cost is a predictor or revenue certainly declined. Without giving a lot of details we are still in the early stage of testing the tech and what we mentioned is that the bandwidth we can generate is 9 or 10 times what we could generate a few months ago. So we are hopeful

Class Action Complaint for Violation of the Federal Securities Laws

that we can scale number 1 and number 2 stabilize the system in the next uh near future. Certainly not from a financial standpoint it has not contributed to our bandwidth costs yet. And the final point is that you are absolutely correct the implications of Crystal is essentially two fold. As we reiterated on a call, not only can it potentially help us reduce bandwidth costs [inaudible] itself but at the end of the day you know should [inaudible] usage of capacity for bandwidth is limited should excess bandwidth savings if you will can be passed on to other users and we believe for example that Xiaomi will be one of the first users for Crystal but uh again this is still in the very early stage and we look forward to updating the marketplace in a timely manner should there be a material information and developments.

30.    On March 11, 2015, Xunlei issued the press release entitled, "Xunlei Announces Unaudited Financial Results for the Fourth Quarter and the Fiscal Year Ended December 31, 2014." The press release contained guidance for the first quarter of 2015 stating in relevant part:

> **For the first quarter 2015, Xunlei estimates total revenues to be between US$37 million to US$41 million,** the midpoint of the range representing a year over year decrease of 5% and a quarter-over-quarter decline of 16%.

(emphasis added)

31.    On March 31, 2015, Xunlei issued the press release entitled, "Xunlei Announces Strategic Divestment of Xunlei Kankan." The press release discussed Xunlei's divestment of its video streaming division, Kankan, stating in relevant part:

SHENZHEN, China, March 31, 2015 (GLOBE NEWSWIRE) -- Xunlei Limited ("Xunlei" or the "Company") (Nasdaq:XNET), China's leading provider of acceleration products and services, today announced that it has entered into a legally binding framework agreement with Beijing Nesound International Media Corp., Ltd. ("Nesound"), an independent third party, to sell the

Class Action Complaint for Violation of the Federal Securities Laws

Company's entire stake in its online video streaming platform, Xunlei Kankan.

The Company intends to sell Xunlei Kankan for a consideration of RMB130 million. Xunlei's Board approved the transaction after considering the benefits of the transaction to the Company and its shareholders. ***The Company believes that the divestment of Xunlei Kankan is consistent with Xunlei's new strategic focus on streamlining existing non-core and unprofitable businesses so as to devote sufficient management attention to execute strategies on mobility and Project Crystal.*** The completion of the transaction is subject to the signing of a definitive purchase agreement and fulfilling closing conditions contained therein, which may include the completion of a specific research and development project, the transfer of domain name and other assets and businesses of Xunlei Kankan, and the application for the transfer of permits and licenses required for Xunlei Kankan's operations. If the transaction fails to close due to the fault of either Xunlei or Nesound, including the failure to meet closing conditions, the responsible party shall be liable to pay an additional fee of RMB52 million.

Mr. Sean Zou, Chairman and Chief Executive Officer of Xunlei, stated: ***"I am pleased that the Board has unanimously approved the sale of Kankan as part of our initiative to streamline existing businesses and to focus on our continued transition to mobile internet,*** which we expect will offer our employees and our investors with exciting future prospects."

"As I mentioned in our last earnings call, we are convinced that it is necessary to respond to changing environment, technical innovation and more diverse customer expectations with a bold new beginning. ***Xunlei will tap the growth potential created by its transformation from a primarily PC-based company to a mobile internet company, which we believe to be critical to our long term growth***," added Mr. Zou.

(emphasis added).

Class Action Complaint for Violation of the Federal Securities Laws

32.   The statements contained in ¶¶ 27-31 were materially false and/or misleading when made because Defendants failed to disclose or indicate the material risk that Xunlei's strategic focus on Project Crystal and its mobility initiative would have a detrimental impact on the Company's financial condition.

## THE TRUTH EMERGES

33.   After the market closed on May 20, 2015, the Company issued a press release entitled, "Xunlei Announces Unaudited Financial Results for the First Quarter Ended March 31, 2015." The press release stated in relevant part:

**Total  revenues** *were US$30.2 million,* an 8.4% decrease from the corresponding period of last year and a 14.9% decrease from the previous quarter.

\*      \*      \*

Mr. Sean Zou, Chairman and Chief Executive Officer of Xunlei, commented on the results. "Our first quarter revenue was within our guidance range as we continue to focus on our key strategic imperative. ***The ongoing transition to mobile internet is a critical factor to our planned long-term growth. We remain steadfast in our focus to deepen our existing business cooperation with Xiaomi, expand our presence in the mobile space, continue apace with Project Crystal and create long term value for our shareholders."***

Mr. Tom Wu, Chief Financial Officer of Xunlei, added, "The pending divestiture of Xunlei Kankan is a key step for us to resharpen our strategic focus and shift resources to drive future growth, which we believe will help to improve our cash flow and financial results."

\*      \*      \*

**Total Revenues**

***Total revenues were US$30.2 million***, down 8.4% year-over-year and 14.9% sequentially.

Class Action Complaint for Violation of the Federal Securities Laws

*      *      *

**Strategic Divestment of Xunlei Kankan**

On March 31, 2015, the Company entered into a legally binding framework agreement with Beijing Nesound International Media Corp., Ltd. ("Nesound"), an independent third party, to sell the Company's entire stake in its online video streaming platform, Xunlei Kankan, for a total consideration of RMB130 million. The Company received a deposit of RMB26 million in April 2015. In May 2015, the Company signed definitive share and asset transfer agreements with Nesound to effect such sale. The transaction is currently scheduled to be completed by the end of the second quarter of 2015, although the completion remains subject to the fulfilling of certain closing conditions specified in the signed agreements, which include the transfer of domain names and other assets and businesses of Xunlei Kankan and the application for the transfer of permits and licenses required for Xunlei Kankan's operations.

(emphasis added).

34.    On this news, the Company's stock fell $1.69 per ADS or almost 15% the next day to close at $9.71 per share on May 21, 2015, damaging investors.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

35.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Xunlei ADSs traded on NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

Class Action Complaint for Violation of the Federal Securities Laws

36.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Xunlei ADSs were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Xunlei or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

37.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

38.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

39.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and operations of Xunlei;

- whether the Individual Defendants caused Xunlei to issue false and misleading statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading statements;

Class Action Complaint for Violation of the Federal Securities Laws

- whether the prices of Xunlei ADSs during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

40.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

41.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Xunlei ADSs are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Xunlei ADSs between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

- 12 -

Class Action Complaint for Violation of the Federal Securities Laws

42.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

43.     Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

44.     At all relevant times, the market for Xunlei's ADSs was an efficient market for the following reasons, among others:

45.     As a result of the foregoing, the market for Xunlei's ADSs promptly digested current information regarding Xunlei from all publicly available sources and reflected such information in Xunlei's stock price. Under these circumstances, all purchasers of Xunlei's ADSs during the Class Period suffered similar injury through their purchase of Xunlei's ADSs at artificially inflated prices, and a presumption of reliance applies.

## FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act
### and Rule 10b-5 Promulgated Thereunder Against All Defendants

46.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

47.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Xunlei ADSs at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, each of the Defendants took the actions set forth herein.

48.     Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts

- 13 -

necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Xunlei ADSs in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

49.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Xunlei as specified herein.

50.     These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Xunlei's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Xunlei and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Xunlei  ADSs during the Class Period.

51.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these Defendants, by virtue of his responsibilities and activities as a senior

Class Action Complaint for Violation of the Federal Securities Laws

officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's business prospects and operations; (3) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's operations and business projects at all relevant times; and (4) each of these Defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

52.     Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Xunlei's the financial risk of the shift in strategy from the investing public and supporting the artificially inflated price of its ADSs. As demonstrated by Defendants' omissions and misstatements of the Company's business strategy throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

53.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Xunlei ADSs was artificially inflated during the Class Period. In ignorance of the fact that market prices of Xunlei's publicly-traded ADSs were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the ADSs trades, and/or on the absence of material adverse information that was known to or recklessly

Class Action Complaint for Violation of the Federal Securities Laws

disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Xunlei ADSs during the Class Period at artificially high prices and were or will be damaged thereby.

54.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the financial risk of Xunlei's shift in strategy, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Xunlei ADSs, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

55.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

56.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

57.     This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM
### Violation of Section 20(a) of
### The Exchange Act Against the Individual Defendants

58.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

59.     The Individual Defendants acted as controlling persons of Xunlei within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their

high-level positions, agency, ownership and contractual rights, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

60.    In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

61.    As set forth above, Xunlei and the Individual Defendants each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

62.    By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

63.    This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

Class Action Complaint for Violation of the Federal Securities Laws

### THIRD CLAIM
### Violation of Section 11 of
### The Securities Act Against All Defendants

64.    Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

65.    This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Individual Defendants.

66.    The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

67.    Xunlei is the registrant for the IPO. Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

68.    As issuer of the shares, Xunlei is strictly liable to Plaintiff and the Class for the misstatements and omissions.

69.    None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

70.    By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

71.    Plaintiff acquired Xunlei shares pursuant and/or traceable to the Registration Statement for the IPO.

72.    Plaintiff and the Class have sustained damages. The value of Xunlei ADSs has declined substantially subsequent to and due to the Individual Defendants' violations.

**FOURTH CLAIM**
**Violation of Section 12(a)(2) of**
**The Securities Act Against All Defendants**

73.     Plaintiffs repeat and incorporate each and every allegation contained above as if fully set forth herein.

74.     This Count does not sound in fraud. Any proceeding allegations of fraud, fraudulent conduct, or improper motive are specifically excluded from this Count. Plaintiff does not allege that Defendants had scienter or fraudulent intent, which are not elements of this claim.

75.     Defendants offered, sold and/or solicited a security, namely shares of Xunlei's ADSs, by means of the IPO identified above, or were-controlling persons of Xunlei or of those who offered and sold Xunlei's ADSs. The Registration Statement contained untrue and/or misleading statements of material fact that the Defendants in the exercise of reasonable care should have known were false.

76.     Defendants actively solicited the sale of Xunlei ADSs to serve their own financial interests.

77.     At the time of purchase of Xunlei's ADSs, Plaintiff and other members of the Class did not know that the representations made to them by the Defendants in connection with the distribution of shares and the matters described above were untrue, and did not know the above described omitted material facts, were not disclosed.

78.     As a result, Plaintiff and Class members are entitled to tender Xunlei ADSs they purchased and receive from Defendants the consideration paid for those shares with interest thereon, less the amount of any income received thereon, or damages resulting from Defendants' conduct.

79.     Defendants are liable to Plaintiff and Class members pursuant to Section 12 (a)(2) of the Securities Act, as seller of the ADSs in connection with the IPO.

Class Action Complaint for Violation of the Federal Securities Laws

80.    This Action is brought within three years from the time that the securities upon this Count is brought were sold to the public, and within one year from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this Count is based.

**FIFTH CLAIM**
**Violation of Section 15 of**
**The Securities Act Against Individual Defendants**

81.    Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

82.    This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

83.    Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Xunlei within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause Xunlei to engage in the acts described herein.

84.    Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

85.    By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a.    Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

b.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages

- 20 -

sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

c.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

d.      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 8, 2015                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws